Thomas V. O'NEILL, Plaintiff,

v.

DeForest P. DAVIS, Jr., et al., Defendants.

No. 87 C 4789.

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1989.

William D. Heinz, William L. Scogland, Rossell J. Hoover, Bruce A. Boyer, Jenner & Block, Chicago, Ill., for plaintiff.

Paul E. Slater, Greff R. Hague, Sperling, Slater & Spitz, Chicago, Ill., for defendants.

Karen L. Handorf, Marc I. Machiz, U.S. Dept. of Labor, Washington, D.C., for amicus curiae.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

### I. INTRODUCTION

The plaintiff, Thomas V. O'Neill, has brought this four-count complaint against Lester B. Knight and Assoc., Inc. ("the Company") and various individuals associated with it, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and state common law. In the first count of his complaint, plaintiff alleg-

es that the trustees of the Employee Stock Ownership Trust voted the pension plan shares of company stock to reconstitute the Board of Directors and to consolidate their control of the Company in violation of ERISA, § 3(21)(A), 29 U.S.C. § 1002(21)(A); § 404(a)(1), 29 U.S.C. § 1104(a)(1); and § 406(b)(1), 29 U.S.C. § 1106(b)(1). The remaining counts allege that defendants breached state contract law (Counts II and III) and wilfully breached implied covenants of good faith and fair dealing and tortiously interfered with plaintiff's contract rights (Count IV).

Defendants have moved to dismiss Count I of this complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and the remaining counts for lack of pendent jurisdiction, Fed.R.Civ.P. 12(b)(1). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Secretary of Labor, having taken interest in the questions posed by the motion to dismiss, has filed a brief as amicus curiae, opposing the motion. For the following reasons, this Court denies the defendants' motion.[1]

## II. RULE 12(b)(6)

■ When ruling on a motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded factual allegations in the complaint and must draw all reasonable inferences in the light most favorable to the plaintiffs. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). A complaint should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiffs could prove no set of facts that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Accordingly, the facts of this case, as alleged in the complaint, are as follows.

The Company is a Delaware corporation with its principal place of business in the Northern District of Illinois. Plaintiff was a participant, see ERISA § 3(7), 29 U.S.C. § 1002(7), in the Company Employee Stock Ownership Plan ("the Plan"), an ERISA-regulated entity which controlled approximately ninety percent of the Company's shares during the time relevant to this dispute. As a result of a leveraged buy-out of the Company in December 1985, plaintiff became chief executive officer[2] and co-managed the Company with defendants DeForest P. Davis, Jr.; Charles E. Fausel; Stephen C. Mitchell; and Donald S. Hitchcock ("the Davis Group"), who with plaintiff comprised the Board of Directors. Each member of the Board of Directors also acted as a trustee of the Company Employee Stock Ownership Trust ("the Trust"), which controlled the Plan.

Plaintiff's employment contract provided that he could be fired with or without cause by a unanimous vote of the directors other than himself. However, if he were fired without cause, the Company was liable for severance benefits. On April 17, 1987, the Davis Group, without notice to plaintiff or a meeting of the Board,[3] voted the shares controlled by the Plan to reconstitute the Board. They informed plaintiff that he was not reelected to the Board, was removed as a trustee, and was terminated as an employee. Davis was named to replace plaintiff as CEO.

## III. ERISA

The plaintiff alleges in Count I that by voting shares of the Company stock to reconstitute the Board of Directors, the Davis Group acted as fiduciaries, as defined by ERISA, and further breached their fiduciary duties by acting to further their own interests, rather than those of the Plan participants.

Defendants' arguments in support of their motion to dismiss are stated in a number of ways. They begin by asserting that ERISA does not protect corporate executives from being fired and that ERISA does not prohibit the pursuit of reasonable business behavior not directly affecting an

---

**1.** The Court previously announced its decision to the parties orally.

**2.** Prior to this time he had served as chief operating officer.

**3.** The dispensing with these state-law requirements was explained on the grounds that the Davis Group had obtained shareholder consent forms.

employee benefit plan. Later they contend that plaintiff has not alleged injury to any of his interests as a participant in the Plan. Ultimately, they argue that voting the Plan shares to reconstitute the Board does not implicate any of the fiduciary duties imposed by statute, and at one point (in their responsive brief to the Secretary of Labor's amicus brief) go so far as to propose that a fiduciary duty arises only when trustees dispose of plan assets. However their motion to dismiss is understood, the Court rejects it, largely for the reasons ably argued by the Secretary.

■ None of the parties has cited authority directly dealing with the question whether the voting of plan-owned shares constitutes the exercise of fiduciary powers. Indeed, the Secretary has represented it to be a question of first impression. The Court thus begins its analysis by parsing the provisions of ERISA.

To begin with, § 3(21)(A) defines a person as a fiduciary "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i).[4] As the use of the disjunctive "or" to connect the terms "management" and "disposition" makes plain, disposition of Plan assets is not necessary in order for the fiduciary duty to arise. The exercise of authority or control over management of the assets will suffice. Furthermore, as the Secretary suggests, the statute's use of the term "management" cannot logically be limited to the "investment" of Plan assets, contrary to the defendants' suggestion. Plaintiff argues, and the Court agrees, that the defendant trustees exercised authority or control over the management of Plan assets by exercising the power to vote Plan shares, as granted in Section 7.3 of the Plan, to cause a change in the Company's management.

The trustee's fiduciary duty is defined in § 404(a), 29 U.S.C. § 1104(a). That section provides: "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan...." Furthermore, § 406 forbids a fiduciary from engaging in certain transactions, among them "deal[ing] with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 1106(b)(1).

That the fiduciary principles of ERISA were intended to largely codify the law of trusts is not open to dispute. *Firestone Tire and Rubber Co. v. Bruch*, — U.S. —, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989). *See also Donovan v. Cunningham*, 716 F.2d 1455, 1464 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984). Under general trust law, a trustee has legal title to shares of stock held in trust. Trustees may vote and exercise the other powers of ownership. Restatement (Second) of Trusts § 193 comment a (1959). In exercising his interest as a shareholder, a trustee may vote for the company's Board of Directors. *See, e.g., Babcock v. Chicago Railways Co.*, 325 Ill. 16, 155 N.E. 773 (1927); *Myers v. Pink*, 42 Ill.App.2d 230, 191 N.E.2d 659 (1963). However, while a "trustee has discretion whether and how to vote," he must "use proper care to promote the interest of the beneficiary." Restatement (Second) of Trusts, *supra*.

■ Therefore, based upon the principles discussed above, the Court concludes that the voting of Plan-owned shares by the Plan's trustees was a fiduciary act under ERISA, and one which the trustees were bound to exercise in the sole interests of the Plan participants. In addition, the Court rejects defendants' argument that the plaintiff has failed to plead a breach of duty; the breach alleged is the voting of the shares to further the personal interests

---

**4.** This provision further defines as fiduciaries persons paid to render investment advice to a plan and persons with discretionary authority or responsibility in plan administration. 29 U.S.C. §§ 1002(21)(A)(ii), (iii).

of the trustees, rather than the interests of the Plan participants.[5] Finally, the Court observes that the cases cited by defendants miss the mark, and thus cannot be deemed controlling here.[6]

■ The Court also rejects defendants' somewhat different argument that plaintiff cannot maintain suit under ERISA because he has not alleged injury to any interest of his in the Plan. While participants are certainly entitled to bring federal actions to recover benefits, § 502 also provides:

A civil action may be brought ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a). The Court concludes that this action, alleging breach of the duty to act solely for the interests of the participants, falls within the purview of this enforcement provision.[7]

## IV. PARTIES NAMED IN COMPLAINT

■ Defendants also move to dismiss themselves from various counts of the complaint on the grounds that they are not properly named as defendants under these counts. Initially, the Company moves for its dismissal under the ERISA claim, arguing that this claim involves only the allegedly wrongful actions of the Davis Group. However, the Court is persuaded that the Company is properly named a defendant in Count I. The Trust document, at sections 5-1 and 5-2, empowers the Company to appoint and remove trustees. The Department of Labor believes, see 29 C.F.R. § 2509.75-8, at D-4, and this Court agrees, that the power to remove trustees makes the person holding the power a fiduciary under ERISA. Consequently, by removing plaintiff as a trustee, the Company was acting in a fiduciary capacity and is at least potentially liable for any violations of the statute that may have resulted.

Next, the individual defendants in the Davis Group argue that they cannot be held liable for the breach of contract claim stated in Count II. Plaintiff in turn denies that he intends to name the individual defendants as defendants in this count. To avoid any confusion, the Court now rules that Count II states a claim for relief solely against the Company, and not against the individual defendants.

Finally, the individual defendants contend that Count IV does not state a claim against them. As originally pleaded, Count IV purported to state a claim for breach of implied covenants of good faith and fair dealing. The individual defendants objected that because they were not parties to the contract, they could not be held liable under these theories. *See Carrico v. Delp*, 141 Ill.App.3d 684, 95 Ill.Dec. 880, 490 N.E.2d 972 (1986). The Court has subsequently permitted plaintiff to amend Count IV once more, and plaintiff now expressly grounds his claims against the individual defendants in Count IV on a theory of

**5.** The Court, of course, intimates no view as to whether defendants actually breached their duty.

**6.** *See, e.g., Forys v. United Food & Commercial Workers' Int'l Union*, 829 F.2d 603 (7th Cir.1987) (union was not administrator of plan where its only role was to decide whether to arbitrate plan's denial of benefits to union members); *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262 (7th Cir.1985) (union negotiators are not fiduciaries simply because they negotiate terms and conditions of future pension benefits); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464 (11th Cir.1986) (employer does not violate its fiduciary duty by eliminating benefits that are neither vested nor ac-

crued), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987). Far more informative are those cases in which liability has been predicated on the trustees' use of plan assets in contests for corporate control. *See Leigh v. Engle*, 727 F.2d 113 (7th Cir.1984); *Donovan v. Bierwirth*, 680 F.2d 263 (2d Cir.), *cert. denied*, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982). While corporate officers may serve as plan administrators, "their decisions [as trustees] must be made with a single eye to the interests of the participants and beneficiaries." *Donovan*, 680 F.2d at 271.

**7.** Because the Court does not dismiss the federal claims, it naturally will not dismiss the pendent state-law claims.

tortious interference with contract. With the understanding that plaintiff no longer seeks recovery against the individual defendants for breach of the implied covenants of good faith and fair dealing, the Court now denies the motion to dismiss them from Count IV.

## V. CONCLUSION

For the foregoing reasons, the Court now denies defendants' motion to dismiss Count I for failure to state a claim, and denies their motion to dismiss the remaining state-law claims for lack of pendent jurisdiction. The Court further denies the Company's motion to be dismissed as a defendant in Count I and the individual defendants' motion to be dismissed as defendants in Count IV. Finally, the Court rules that Count II states a claim only against the Company.