James **BRYANT**, Plaintiff–Appellant,

v.

**INTERNATIONAL FRUIT PRODUCT COMPANY, INC.,**
**Defendant–Appellee.**

No. 88–3733.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 8, 1989.

Decided Sept. 22, 1989.

Paul H. Tobias (argued), Tobias & Kraus, Cincinnati, Ohio, for plaintiff-appellant.

John J. Finnigan, Jr. (argued), Clement J. DeMichelis, McCaslin, Imbus & McCaslin, Cincinnati, Ohio, for defendant-appellee.

Before KEITH and GUY, Circuit Judges; and HULL, Chief District

Judge.*

PER CURIAM.

Plaintiff, James Bryant, appeals a district court decision refusing to re-open Bryant's claim based on alleged breaches of fiduciary duty in violation of the Employee Retirement Income Security Act of 1984 (ERISA), 29 U.S.C. § 1001, *et seq.* After being awarded relief against his former employer in an ERISA action seeking recovery of denied benefits, Bryant sought to re-open a fiduciary duty claim that first was raised as a motion to amend in connection with the original suit against the employer. Finding that Bryant could have no cause of action against the individual trustees as part of his ERISA action, the district court refused to grant Bryant's motion to re-open. Upon a review of the record, we affirm.

## I.

The procedural history of this case is somewhat complex, and crucial to our resolution of the issue before us. All litigation involved relates to the pension plan of the International Fruit Product Company, Inc. International Fruit first began operating a pension plan for its employees in 1944. Until 1982 the plan provided that, upon termination of the plan, any funds remaining in the plan beyond those accrued by participants would belong to the participants and their beneficiaries. In 1982, International Fruit amended the plan to state that any excess funds resulting from actuarial error would revert to the company upon plan termination. Immediately thereafter the company terminated the plan, paid all accrued benefits to the participants, and kept a $138,997 surplus for itself.

In January 1984, Bryant and fourteen other plaintiffs who had been employees of International Fruit and participants in the pension plan filed suit under ERISA. Alleging that the company breached the pension plan by amending it and then re-

taining the surplus, plaintiffs sought recovery of their pro rata shares of the $138,997 surplus.

In March 1984, plaintiffs successfully moved to have Marie Spicker and Irwin K. Ungar, trustees of the plan, added as defendants in the suit. In December 1984, plaintiffs moved to add an additional trustee, Robert Ungar, as a defendant, and to amend the complaint to include a claim against the trustees based on breach of fiduciary duty. The proposed amendment asserted that the trustees had a conflict of interest and thus did not protect plaintiffs' interests in connection with the company's attempt to claim the surplus assets.

The district court never addressed the motions to amend and to add Robert Ungar as a defendant because, on January 22, 1985, the district court granted International Fruit's motion to dismiss the entire claim. *Bryant v. International Fruit Products Co.*, 604 F.Supp. 890 (S.D.Ohio 1985). The district court found that International Fruit was entitled to amend the plan and retain the surplus assets.

The plaintiffs appealed, and this court reversed the decision of the district court. *Bryant v. International Fruit Products Co., Inc.*, 793 F.2d 118 (6th Cir.), *cert. denied*, 479 U.S. 986, 107 S.Ct. 576, 93 L.Ed.2d 579 (1986). We held that the employer violated the pension plan by altering it and then retaining the surplus. We remanded the case to the district court, with instructions to "fashion an equitable allocation of the excess funds among the participants and their beneficiaries." *Id.* at 124.

After the Supreme Court denied International Fruit's petition for certiorari, the district court re-opened the case in August 1986. The plaintiffs and International Fruit quickly negotiated a consent decree, which was accepted by the court, whereby International Fruit agreed to pay each plaintiff a percentage of the surplus equivalent to that participant's percentage of the total accrued benefits, and $21,000 in attorney fees. This should have concluded the

* The Honorable Thomas G. Hull, Chief Judge for the Eastern District of Tennessee, sitting by designation.

litigation. However, International Fruit found itself unable to pay the entire $69,439.10 consent judgment, so the parties settled for actual payment of only $53,000.[1]

Shortly after the court assented to the consent judgment, the fifteen plaintiffs sought to re-open the case against the trustees based on their alleged breach of fiduciary duty, hoping to recover the difference between their pro rata shares of the surplus and the amount actually received. Holding that the plaintiffs' original suit sought only a recovery of funds illegally denied them, and not a personal judgment against the trustees, the district court denied the request to re-open and proceed against the trustees in their individual capacities. This appeal followed.[2]

## II.

■ Like the district court, this court is convinced that the request to re-open should be denied.[3] The motion to amend should not have been granted—meaning the request to re-open should likewise not be granted—because it is clear that the trustees did nothing that would amount to a breach of fiduciary duties under ERISA. While the trustees administered the plan, it was International Fruit that made the unilateral decision to amend the plan to have the excess funds revert to the employer. In the employer-sponsored plan, only the employer had the right to amend or terminate the plan.

Despite this fact, Bryant attempts to charge the trustees with an affirmative duty to somehow change International Fruit's decision to amend and terminate. Cases have recognized that trustees must perform some affirmative duties as part of their obligation to operate plans "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1); *Katsaros v. Cody*, 744 F.2d 270 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984) (duty to seek investment advice where trustees do not themselves possess necessary skill or experience); *Monson v. Century Mfg. Co.*, 739 F.2d 1293 (8th Cir.1984) (duty to take action to remedy employer's failure to make required contributions). Courts have also found liable fiduciaries who do not participate in wrongdoing but who know of other fiduciaries' wrongdoing and make no effort to remedy the situation. 29 U.S.C. § 1105; *Chambers v. Kaleidescope, Inc. Profit Sharing Plan & Trust*, (N.D.Ga.1986). However, the trustees here cannot be said to have breached any duty because they had no power to reverse International Fruit's decision to amend. Additionally, the trustees could not even have known International Fruit's actions were improper. The trustees did question lawyers and a pension plan consultant about the amendment, and the advisors indicated that the amendment was permissible. The decisions of courts which had addressed the

1. There is a discrepancy between the total plaintiffs' award ($69,439.10) and the total amount of the surplus ($138,997) because the consent decree dealt only with the participants named as plaintiffs in the suit to recover benefits. When the original action came before this court, we remanded for an "equitable allocation of the excess funds." According to the consent decree's equitable allocation, each plaintiff received a percentage of the $138,997 surplus that was equal to that plaintiff's percentage of the total vested benefits. Because several employee/participants were not plaintiffs to the suit, and because the consent decree expressly declined to "address, resolve or dismiss any claims of non-plaintiff participants," the recovery provided for in the consent decree represented only the portion of the surplus, plus interest and attorney's fees, to which the fifteen individual plaintiffs would have been entitled if International Fruit had never retained the surplus.

2. While all fifteen plaintiffs attempted to appeal, the notice of appeal listed the plaintiffs as "James Bryant, *et al.*" This court *sua sponte* noted that for purposes of notice on appeal, the term "et al." does not identify the appellants with adequate particularity, so we held that all parties other than Bryant failed to appeal. *Bryant v. International Fruit Products Co., Inc.*, 859 F.2d 152 unpub. order (6th Cir.1988). It is thus only Bryant, and not the fourteen other plaintiff-participants, who is now before the court.

3. Defendants make a number of arguments for affirmance based on alleged procedural errors, but we need not address these arguments because we affirm on the basis of substantive considerations.

issue at that time seemed to support the advisors' contention. *See Pollock v. Castrovinci,* 476 F.Supp. 606 (S.D.N.Y.1979), *aff'd without opinion,* 622 F.2d 575 (2d Cir.1980); *In re C.D. Moyer Pension Trust,* 441 F.Supp. 1128 (E.D.Pa.1977), *aff'd without opinion,* 582 F.2d 1273 (3d Cir.1978). Here, where the trustees made a proper inquiry and could not have known that International Fruit's actions were improper, and where the trustees would have had no power to prevent the actions in any case, the trustees could not have breached a fiduciary duty by "allowing" the amendment to take effect.

In further support of the district court decision, we do not think ERISA permits a recovery, under a fiduciary duty theory, of the type of damages Bryant, as a plan beneficiary, seeks. Although Bryant's complaint is very general and does not refer to specific statutory provisions, suits under ERISA for breach of fiduciary duty arise under 29 U.S.C. § 1132(a)(2), which allows beneficiaries of a plan, like Bryant, to seek relief under 29 U.S.C. § 1109. Section 1109, entitled "Liability for Breach of Fiduciary Duty," holds that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate.

29 U.S.C. § 1109(a). Conversely, individual suits for recovery of denied benefits arise under 29 U.S.C. § 1132(a)(1)(B).

As the language regarding fiduciary duty suits in section 1109 makes clear, ERISA contemplates that breaches of fiduciary duties injure the plan, not individual beneficiaries, and any recovery thus goes to the plan. As the Supreme Court noted in *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985):

> A fair contextual reading of the statute makes it abundantly clear that [the] draftsmen [of § 1109] were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.

*Id.* at 142, 105 S.Ct. at 3090. We recently decided a case by expressly following *Russell* and declaring that "1109 authorizes relief only to the plan itself, not to individual beneficiaries." *Farrell v. Automobile Club of Michigan,* 870 F.2d 1129, 1133 (6th Cir.1989). *See also Mehl v. Navistar Int'l Corp.,* 670 F.Supp. 239 (N.D.Ill.1987). In both the original complaint and the motion to amend, plaintiffs sought recovery on their own behalf; there was never a claim made for a return of funds to the now defunct pension plan itself. Because this action seeks individual recovery of benefits that were alleged to have been improperly denied, it does not state a claim for breach of fiduciary duty under ERISA and the district court properly refused to re-open the claim against the trustees.

AFFIRMED.