**Evelyn C. AXLINE and, Mary Ann Kincade, Plaintiffs/Appellants,**

v.

**Seymour KUTNER and Wife, Mildred Kutner, Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 7, 1993.

Application for Permission to Appeal Denied by Supreme Court Sept. 7, 1993.

[redacted]

Hal Gerber, Ronald D. Krelstein, Memphis, for plaintiffs/appellants.

William W. Dunlap, Jr., Brian D. Hively, Memphis, for defendants/appellees.

FARMER, Judge.

This is an action by a home buyer[1] against the seller/contractor. The trial court granted a motion for partial summary judgment, certified as a final judgment under Rule 54.02 T.R.C.P. and Plaintiffs appeal.

The order granting partial summary judgment provides:

> [T]he same hereby is granted and the plaintiffs' claim in this case shall be limited to a claim under the express one (1) year builder's warranty for those alleged defects set forth in the plaintiff's letter of March 3, 1987, and the "Field Report" dated July 20, 1987, on the ground that the real estate contract in question provided for an express one (1) year builder's warranty and the plaintiffs' Complaint as amended fails to state a claim upon which relief can be granted insofar as it attempts to assert a claim for fraud in the inducement against the defendants.

The order further recites that the court considered the entire record. When the defense of failure to state a claim upon which relief can be granted is asserted by motion and matters outside the pleading are

---

1. The parties to the contract were Evelyn C. Axline, buyer and Seymour Kutner, seller. The property was conveyed by Seymour Kutner and wife, Mildred Kutner, to Ms. Axline, who later conveyed the property by quitclaim deed to her niece, Plaintiff Mary Ann Kincade. Defendants' motion to dismiss on the ground that Plaintiffs lacked standing was denied on the basis that Seymour Kutner knew that Plaintiff Mary Ann Kincade would be living in the residence and would be the real party at interest. This is not an issue on appeal.

presented to, and not excluded by the court, the motion shall be treated as one for summary judgment. Rule 12.02 T.R.C.P. Summary judgment should not be rendered if there is a genuine issue as to material fact. In determining whether or not a genuine issue of material fact exists, the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiffs' proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. The court is not to weigh the evidence. The party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that he is, therefore, entitled to judgment as a matter of law. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn.1993).

It is difficult to determine from this record specifically what the movants relied upon in support of their motion. The motion states that they are relying upon their trial brief and memorandum and the entire record. Their argument before this Court in support of the trial court's ruling is that the complaint, as amended, fails to state a cause of action. They further contend that Seymour Kutner's representations that he was a "master builder" and that the house would be a "perfect house" are merely expressions of opinion or puffing and therefore not actionable. Mr. Kutner was not a licensed contractor at the time, a fact which he concedes and which was not revealed to buyer. His business card indicated "Contractor." We believe that this creates a factual question to be determined by the trier of facts.

With respect to the complaint as amended, plaintiffs filed the original complaint and one amendment prior to the hearing on the motion for partial summary judgment. The order appealed from provides:

[F]or purposes of preserving the record on appeal, the plaintiffs [shall] be and they hereby are allowed to amend their Complaint consistent with the proof presented to the Court in connection with the Motion for Partial Summary Judgment, including Affidavits and the depositions of the plaintiff, Mary Ann Kincade, and the defendant, Seymour Kutner, in order to state with particularity all averments of fraud in accordance with the provisions of Rule 9.02 of the Tennessee Rules of Civil Procedure.

The second amended complaint was filed the day following the entry of the order. Since the trial court allowed the amendment and the parties before us both rely on it for their respective positions, we likewise consider it. As this Court said recently in *Dobbs v. Guenther,* 846 S.W.2d 270 (Tenn.App.1992):

Actions for fraud contain four elements: (1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of promissory fraud, that it involve a promise of future action with no present intent to perform. *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank,* 835 S.W.2d 25, 28 (Tenn.Ct.App. 1992); *Stacks v. Saunders,* 812 S.W.2d 587, 592 (Tenn.Ct.App.1990). Nondisclosure will give rise to a claim for fraud when the defendant has a duty to disclose and when the matters not disclosed are material. *Gray v. Boyle Inv. Co.,* 803 S.W.2d 678, 683 (Tenn.Ct.App.1990); *Piccadilly Square v. Intercontinental Constr. Co.,* 782 S.W.2d 178, 184 (Tenn.Ct.App.1989).

*Dobbs,* 846 S.W.2d at 274. As a general rule, a party may be held liable for damages caused by his failure to disclose material facts to the same extent that a party may be liable for damages caused by fraudulent or negligent misrepresentation. *Gray v. Boyle Inv. Co.,* 803 S.W.2d 678, 683 (Tenn.App. 1990). When a complaint is challenged by a failure to state a cause of action upon which relief may be granted, we take all the well pleaded material factual allegations as true, and must construe the complaint liberally in favor of the plaintiff. *Dobbs,* 846 S.W.2d at 273. Having done so, we conclude that the trial court erred in determining that the com-

plaint, as amended, failed to state a cause of action upon which relief may be granted.

The agreement which is the subject of this dispute was prepared on a preprinted form entitled "Listing Sales Contract." Included in the portion that was typed onto the form is the following:

> Sale to include but not limited to: All kitchen built-in appliances including trash compactor, disposal, dishwasher, double ovens (1 self cleaning and 1 microwave), and Jenn–Aire range top with 4 burners/eyes and grill attachment; Burglar alarm system; Screens for windows; Gutters, downspouts, and splash blocks to be installed; Garage door and garage door opener with 2 controls; Storage shelves to be added in attic per Purchasers instructions ($100 allowance for labor and materials); Automatic air cleaner/filter system and humidifier to be added to both heat/air systems; Seller to repaint, with colors chosen by Purchaser, the master bedroom and bath (including walls, hallway, and closets) and the upstairs bedrooms, and playroom,
>
> . . . .
>
> (including walls and trim); and Seller will allow all selections of wallpaper, carpet, light fixtures, vinyl, etc. to be made by Purchaser within builder allowance; *1 year builders warranty included,* and landscaping to be completed by Seller as described. (Emphasis added.)

The implied warranty rule was adopted in this state in *Dixon v. Mountain City Constr. Co.,* 632 S.W.2d 538 (Tenn.1982). The rule adopted was as set forth in a decision by the North Carolina Supreme Court in *Hartley v. Ballou,* 286 N.C. 51, 209 S.E.2d 776 (1974) as follows:

> "[w]e hold that in every contract for the sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee." *Id.* 209 S.W.2d at 783. *Dixon,* 632 S.W.2d at 541.

The court in *Dixon* further said that this warranty is implied only when the written contract is silent. Builder-vendors and purchasers are free to contract in writing for a warranty upon different terms and conditions or to expressly disclaim any warranty. The written contract contained no reference as to the quality of workmanship.

Defendants contend that the implied warranty doctrine is not applicable here because of the provision in *Dixon* that the warranty is implied only when the written contract is silent, and that this contract limits the warranty to one (1) year. In *Dewberry v. Maddox,* 755 S.W.2d 50 (Tenn.App.1988), this Court held:

> Because the buyer is completely relying on the skills of the vendor-builder in this situation, we think that in order to have a valid disclaimer of the implied warranty, it must be in clear and unambiguous language. The buyer must be given "adequate notice of the implied warranty protections that he is waiving by signing the contract." *Tyus v. Resta,* 328 Pa.Super. 11, 476 A.2d 427, 432 (1984). In addition, such a "disclaimer" must be strictly construed against the seller. *Id.* This is generally the law in other jurisdictions which have adopted this, or a comparable, implied warranty of good workmanship and materials. *See Belt v. Spencer,* 41 Colo.App. 227, 585 P.2d 922 (1978); *Hesson v. Walmsley Construction Co.,* 422 So.2d 943 (Fla.App.1982); *Griffin v. Wheeler–Leonard & Co., Inc.,* 290 N.C. 185, 225 S.E.2d 557 (1976).

*Dewberry,* 755 S.W.2d at 55.

Plaintiffs contend that the term "one year builder's warranty" is meaningless because there is no indication what the builder is warranting. Construing strictly against the builder/seller, we are inclined to agree.

Appellees further rely upon the following handwritten language to the contract: "PURCHASER ACCEPTS PROPERTY IN

**425**

ITS EXISTING CONDITION, NO WARRANTIES OR REPRESENTATIONS HAVING BEEN MADE BY SELLER OR AGENT WHICH ARE NOT EXPRESSLY STATED HEREIN." This exact language was contained in the agreement before the court in *Dewberry v. Maddox* wherein this court said:

> We do not think that this provision is adequate to disclaim the implied warranty.

The *Dixon* court, quoting *Pollard v. Saxe and Yolles Development Co.*, 12 Cal.3d 374, 115 Cal.Rptr. 648, 525 P.2d 88 (1974), adopted the California Supreme Court's rational [sic] for this warranty:

> "In the setting of the marketplace, the builder or seller of new construction—not unlike the manufacturer or merchandiser of personalty—makes implied representations, ordinarily indispensable to the sale, that the builder has used reasonable skill and judgment in constructing the building. On the other hand, the purchaser does not usually possess the knowledge of the builder and is unable to fully examine a complete house and its components without disturbing the finished product. Further, unlike the purchaser of an older building, he has no opportunity to observe how the building has withstood the passage of time. Thus, he generally relies on those in a position to know the quality of the work to be sold, and his reliance is surely evident to the construction industry."
> 115 Cal.Rptr. at 651, 525 P.2d at 91.

*Dixon* 632 S.W.2d at 541.

*Id.* 755 S.W.2d at 54–55.

We conclude that the trial court erred in granting partial summary judgment in this matter and that judgment is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

Costs of this appeal are taxed to Defendants, for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.