# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

November 19, 1997

Cecil W. Crowson
Appellate Court Clerk

CHRISTOPHER C. RINGLING,      )
                                    )
    Plaintiff/Appellant,       )
                                    )   Davidson Circuit
VS.                                )   No. 96C-1559
                                    )
                                    )   Appeal No.
TENNESSEE BOARD OF PAROLES,   )   01A01-9708-CV-00416
                                    )
    Defendant/Appellee.       )

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

For the Plaintiff/Appellant:              For the Defendant/Appellee:

Christopher C. Ringling, Pro Se         John Knox Walkup
                                        Attorney General and Reporter

                                        John R. Miles
                                        Counsel for the State

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a prisoner's efforts to be released on parole in accordance with the terms of his plea bargain agreement. After the Tennessee Board of Paroles declined to release him on parole, the prisoner filed a petition for common-law writ of certiorari in the Circuit Court for Davidson County alleging that the Board had acted arbitrarily and illegally by failing to honor the terms of his plea agreement. The trial court, treating the Board's motion to dismiss as one for summary judgment, dismissed the petition, and the prisoner has appealed. While the trial court should not have converted the motion, we have determined that the prisoner's petition should be dismissed for failure to state a claim upon which relief can be granted.

## I.

In November 1987 Christopher Ringling pleaded guilty to a charge of aggravated sexual battery in the Criminal Court for Benton County. Mr. Ringling received a twenty-year sentence in return for his guilty plea and is currently incarcerated in the Lake County Regional Correctional Facility in Tiptonville. When he first became eligible for parole consideration in 1990, the Tennessee Board of Paroles declined to parole him because of the severity of his offense and the high risk that he might reoffend.

Mr. Ringling viewed the Board's refusal to parole him as a violation of the terms of his plea agreement. In April 1996, he filed a petition for common-law writ of certiorari in the Circuit Court for Davidson County alleging that he had agreed to plead guilty in return for the State's agreement that he would be paroled after serving thirty percent of his sentence. In later pleadings, Mr. Ringling modified his claim to allege that the State had agreed that he would become eligible to be considered for parole after serving thirty percent of his sentence and that the Board had improperly failed to exercise its discretion to release him.

The Board responded to Mr. Ringling's claims with a Tenn. R. Civ. P. 12.02 motion to dismiss. Thereupon, the trial court invited the parties to file "supporting and opposing documentation" of their claims and defenses and stated that it would treat the motion to dismiss as a motion for summary judgment in accordance with

Tenn. R. Civ. P. 12.02. As far as the record shows, neither party submitted additional evidentiary matters outside their pleadings. On March 19, 1997, the trial court converted the Board's motion to dismiss to a motion for summary judgment, found that the requirements of Tenn. R. Civ. P. 56 were met, and summarily dismissed Mr. Ringling's petition.

## II.

Before addressing the substance of this appeal, we must address a procedural issue affecting the standard by which we will review the trial court's decision. The Board's initial motion requested that Mr. Ringling's motion be dismissed "pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure." This motion did not comply with Tenn. R. Civ. P. 7.02(1) because it did not "state with particularity the grounds therefor." While we assume that these grounds may very well have been stated in a memorandum of law attached to the motion, this memorandum of law has not been included in the appellate record in accordance with Tenn. R. App. P. 24(a). Because the appellate rules exclude trial briefs and memoranda of law from the appellate record, it is better practice to include the grounds of a motion in the body of the motion itself.

Notwithstanding the shortcomings of the Board's motion, we assume that the motion sought a dismissal for failure to state a claim upon which relief can be granted in accordance with Tenn. R. Civ. P. 12.02(6). This rule allows the trial court to consider "matters outside the pleadings," but the trial court must treat the motion to dismiss as a motion for summary judgment if it does so. *See Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973); *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995). If the parties do not present matters outside the pleadings, the trial court has no basis for converting a motion to dismiss to a motion for summary judgment.

The trial court should not have converted the Board's motion to dismiss to a motion for summary judgment because, as far as the record on appeal shows, neither Mr. Ringling nor the Board submitted matters outside their pleadings. Accordingly, we will review the trial court's decision as an order granting a motion to dismiss for failure to state a claim upon which relief can be granted. A motion to dismiss should

be granted only when the complaint states no facts that would entitle the claimant to relief. *See Fletcher v. Board of Prof'l Responsibility*, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995). Courts considering a Tenn. R. Civ. P. 12.02(6) motion must take all well-pleaded allegations in the complaint as true and must construe the complaint liberally in the plaintiff's favor. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994).

## III.

Persons filing a petition for common-law writ of certiorari are entitled to judicial relief in relatively limited circumstances. They can succeed only by demonstrating that the lower tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *See Arnold v. Tennessee Bd. of Paroles*, ___ S.W.2d ___, ___ (Tenn. 1997).[1] The courts will not use a common-law writ of certiorari to review the internal correctness of a lower tribunal's decision and will grant relief only if the decision being reviewed was arrived at in an unconstitutional or unlawful manner. *See Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

This case is not the first occasion when we have considered claims concerning the enforceability of plea bargain agreements. In light of the Tennessee Supreme Court's clear and unequivocal holding that plea agreements, once approved by the trial court, become binding and enforceable contracts, *see State v. Howington*, 907 S.W.2d 403, 407 (Tenn. 1995), we have decided prisoners who enter into and abide by the terms of a plea agreement should be able to seek judicial redress if the State breaches the contract. *See Totty v. Tennessee Dep't of Correction*, App. No. 01A01-9504-CV-00139, 1995 WL 700205, at *2 (Tenn. Ct. App. Nov. 29, 1995) (No Tenn. R. App. P. 11 application filed). For the State to negotiate a plea bargain on terms that it is either unprepared or unable to honor raises serious due process concerns affecting the validity of the plea bargaining process.[2] Thus, with proper proof, a

---

[1]*Arnold v. Tennessee Bd. of Paroles*, App. No. 01S01-9610-CH-00210, 1997 WL 693708, at *2 (Tenn. Nov. 10, 1997).

[2]In dealings between private parties, making a promise of future action with no present intent to perform is considered promissory fraud. *See Axline v. Kutner*, 863 S.W.2d 421, 423 (Tenn. Ct. App. 1993); *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank*, 835 S.W.2d 25, 28 (Tenn. Ct.

prisoner may be entitled to specific enforcement of his or her plea bargain agreement.

The precise nature of Mr. Ringling's complaint is not clear because his theory has shifted several times during the proceeding. At first, he asserted that the State had breached its agreement that he would be paroled after serving thirty percent of his sentence. Later, he asserted that the State had breached its agreement that he would be considered for parole after serving thirty percent of his sentence. There is a substantial difference between agreeing to parole someone after that person has served a specific portion of a sentence and merely agreeing to consider someone for parole.

Prisoners who assert that they agreed to plead guilty in return for agreements that they would be paroled after serving a specific portion of their sentences must come forward with some competent evidence of these agreements. This evidence is readily available either in the form of a written plea bargain agreement or in the form of a verbatim record of the plea bargain proceeding required to be kept pursuant to Tenn. R. Crim. P. 11(g). Without this evidence, a prisoner has failed to state a claim upon which relief can be granted. Even though the trial court gave Mr. Ringling an opportunity to submit documentation to substantiate his claim, Mr. Ringling has failed to come forward with any evidence of a plea bargain agreement, approved by a court, stating that he would be paroled after serving thirty percent of his sentence in return for his guilty plea. Accordingly, he has failed to state a claim upon which relief can be granted as to this theory.

Mr. Ringling has likewise failed to state a claim upon which relief can be granted regarding his claim that the Board improperly failed to exercise its discretion to grant him parole. Mr. Ringling's own complaint states that the Board has considered him for parole; accordingly, the State has not violated an agreement to consider him for parole after he served thirty percent of his sentence. Mr. Ringling's request that the courts review the Board's discretionary decision not to parole him also fails to state a claim for which relief pursuant to a common-law writ of certiorari can be granted because common-law writs of certiorari cannot be used to inquire into the correctness of the lower tribunal's decision. *See State ex rel. McMorrow v. Hunt*, 137 Tenn. 243, 250-51, 192 S.W. 931, 933 (1917); *Flowers v. Traughber*, 910

_____

App. 1992).

-5-

S.W.2d 468, 470 (Tenn. Crim. App. 1995).

## IV.

We affirm the judgment dismissing Mr. Ringling's petition and remand the case to the trial court for whatever other proceedings may be required. We also tax the costs of this appeal to Christopher Ringling for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE