**Melanie AMARAL; Donna Amaral; Richard Amaral, Plaintiffs–Appellants,**

v.

**AMERICAN SCHOOL OF CORRESPONDENCE, Defendant–Appellee.**

No. 03–6144.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2004.

Samuel J. Harris, Cookeville, TN, for Plaintiffs–Appellants.

Dale A. Tipps, Levine, Mattson, Orr & Geracioti, Robert Larry Estes, Mink & Blair, Nashville, TN, for Defendant–Appellee.

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

*ORDER*

Plaintiffs, Melanie Amaral and her parents, Donna and Richard Amaral ("the Amarals"), Tennessee residents, appeal a district court judgment dismissing their diversity action filed under 28 U.S.C. § 1332. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Amarals filed this action against the American School of Correspondence ("ASC"), a corporation with its principal place of business in Lansing, Illinois. The Amarals filed this action alleging that they suffered mental anguish, emotional distress, loss of the enjoyment of family, the criminal prosecution of Richard Amaral and costs associated therewith, loss of reputation, humiliation, and the inconvenience of arranging alternative education for their daughter Melanie. They allege two specific causes of action. First, they allege that the defendant made fraudulent and negligent misrepresentations by representing that it was accredited in the State of Tennessee as an educational institution, that Melanie would be able to obtain a high school diploma and her credits would transfer to Cookeville High School, and that, by implication, Melanie would not be considered truant by enrolling in the ASC program in lieu of attending high school. Second, the Amarals allege that the defendant's actions constitute an unfair or deceptive trade practice in violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn Code. Ann. § 47–18–101 et seq. The Amarals sought $750,000.00 in compensatory damages and requested punitive damages.

Both parties consented to have a magistrate judge exercise jurisdiction over the action in accordance with the provisions of 28 U.S.C. § 636(c). Thereafter, the defendant filed a motion for summary judgment. The magistrate judge granted ASC's motion, and dismissed the case. The Amarals have filed a timely appeal.

We review de novo a district court grant of summary judgment on appeal. *Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that summary judgment for ASC was proper for the reasons stated by the district court. The Amarals allege that the defendant made fraudulent and negligent misrepresentations by representing that it was accredited in the State of Tennessee as an educational institution, that Melanie would be able to obtain a high school diploma and her credits would transfer to Cookeville High School, and that, by implication, Melanie would not be considered truant by enrolling in the ASC program in lieu of attending high school.

The tort of negligent misrepresentation requires the plaintiffs to show: (1) that the

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

defendant was acting in the course of its business, profession, or employment or in a transaction in which it had a pecuniary interest; (2) that the defendant supplied false information of a material past or present fact meant to guide the plaintiffs in their business transactions; (3) that the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) that the plaintiffs justifiably relied upon the information provided by the defendant. *See Robinson v. Omer,* 952 S.W.2d 423, 427 (Tenn.1997). To prove the tort of fraudulent misrepresentation, the plaintiffs must show: (1) an intentional misrepresentation of a material fact; (2) knowledge by the defendant of the falsity of the representation; (3) reasonable reliance on the representation by the plaintiff causing an injury; and (4) a misrepresentation involving a past or existing fact. *See Axline v. Kutner,* 863 S.W.2d 421, 423 (Tenn.Ct.App.1993).

■ The Amarals' misrepresentation claims fail for several reasons. First, there is no evidence of actual misrepresentations of material fact made by ASC, whether negligently made or knowingly false. Indeed, the Amarals essentially admit that no statements regarding attendance and the compulsory attendance laws were actually made by ASC. The only statements attributed to the ASC representative are more akin to sales talk or opinion rather than to a factual statement. Such statements do not give rise to an action for misrepresentation. *See Brown v. Brown,* 863 S.W.2d 432, 434 (Tenn.Ct. App.1993).

■ Secondly, even if there was sufficient evidence of the alleged misrepresentations, no reasonable jury could find that the Amarals justifiably or reasonably relied upon these representations. When the Amarals contacted ASC, Melanie Amaral had already been deemed a truant via juvenile court proceedings in Putnam County, had failed to gain credits for the entire tenth grade year in public high school, and had just learned that Melanie's enrollment in her first attempt at an alternative educational program, Daniel One, was essentially a wasted effort because Cookeville High School would not accept transfer credits from Daniel One.

It was not justifiable or reasonable for the Amarals to rely solely on the representations of the ASC representative in light of the issues of credit transfers, accreditation, and compliance with compulsory attendance laws without concretely verifying this information with school officials. Although Mrs. Amaral testified in her deposition that she asked some general questions of a guidance counselor regarding "home school credits," there is absolutely no evidence that the Amarals specifically talked with anyone in the school system about enrollment in ASC or verified in any manner with Putnam County School officials that enrollment in ASC satisfied attendance requirements and that credits earned at ASC would be accepted by the public school system. Given the Amarals' knowledge of the significance of the need to comply with attendance laws and their knowledge that the school system had the final say on transfer of credits issues, it was simply not justifiable or reasonable for the Amarals to rely solely on the representations of ASC on these issues. This is true in light of the written brochure materials provided by ASC to the Amarals and the application forms signed by Donna Amaral. The written materials clearly state the three accreditations held by ASC, and the state of Illinois is the only state specifically mentioned as accrediting ASC. The Amarals acknowledged receiving these materials. Additionally, the "Underage Form" signed by Donna Amaral specifically states that enrollment in ASC must have the approval of local school officials, that transferability of credits

earned at ASC was controlled by the rules and regulations of the state, and that ASC assumed no responsibility for the acceptance of ASC credits by a local school. Both of these documents clearly contradicted the alleged representations made to Donna Amaral over the telephone and were sufficient to alert the Amarals of the need to look into the matter further. Thus, the record does not show an issue of material fact as to the Amarals' reliance on ASC's representations. Summary judgment in favor of ASC on the Amarals' negligent and fraudulent misrepresentation claims was, therefore, proper.

Finally, the Amarals have abandoned their TCPA claim on appeal. Therefore, this claim will not be reviewed. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed.