Kathleen PARKS, Plaintiff,

v.

FINANCIAL FEDERAL SAVINGS
BANK, Defendant.

No. 03–2326.

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 30, 2004.

Alan G. Crone, Esq., James R. Becker, Jr., Esq., Crone & Mason, Plc, Memphis, TN, for Plaintiff.

Stephen L. Shields, Esq., James L. Holt, Jr., Esq., Jackson Shields & Yeiser, Cordova, TN, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court is the motion of Defendant Financial Federal Savings Bank

("Defendant") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant moves the Court to dismiss Plaintiff Kathleen Parks' complaint in its entirety. The third amended complaint alleges claims for intentional misrepresentation, negligent misrepresentation, and violations under the Employee Retirement Income Security Act ("ERISA"). For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff was employed by Physician's Postgraduate Press ("PPP") as a secretary until approximately February 2002. She had full benefits, including medical, dental, and long-term disability insurance ("LTD"). On March 4, 2002, her first day of employment with Defendant, Plaintiff met with Susan Yount, an employee of Defendant, who represented herself as Defendant's Controller. During the meeting, Ms. Yount told Plaintiff that there would be a waiting period of thirty days from the start of her employment before benefits would begin. Plaintiff then advised Ms. Yount that, as a condition of employment, she would need full benefits immediately upon commencing any employment with Defendant. Ms. Yount advised Plaintiff that the thirty day waiting period would be waived and that Plaintiff's benefits would commence immediately. Defendant contends that Ms. Yount advised Plaintiff that LTD would begin the first of the following month. Plaintiff disputes that contention.

Upon beginning employment with Defendant on March 4, 2002, Plaintiff was given a booklet explaining her LTD benefits. That booklet states that benefits for the LTD plan would begin on the first of the month following one full month of employment. The booklet does not make any statements regarding waiver of the waiting period. Immediately upon commencing employment with Defendant, medical and dental coverage payments were deducted from Plaintiff's paychecks and coverage began.

On March 30, 2002, Plaintiff was involved in an automobile accident, which left her a paraplegic. Plaintiff contends that she is now unable to be employed in any occupation. As a result, in May 2002, Plaintiff's husband applied for LTD benefits from Defendant's policy and was advised by the carrier that Plaintiff was not covered by the policy because the accident occurred before the thirty day exclusionary period was scheduled to end. Defendant denied making any representation to Plaintiff that the waiting period would be waived for her.

On April 24, 2003, Plaintiff filed an action against Defendant in the Shelby County Chancery Court for negligent and intentional misrepresentation and breach of contract. Defendant filed a notice of removal on May 7, 2003, under 28 U.S.C. § 1441(b), claiming that ERISA preempts Plaintiff's state law claims so as to provide jurisdiction in the federal courts.[2] Plaintiff subsequently filed an amended complaint, omitting her claim for breach of contract.

Plaintiff filed a motion to remand the case to state court, arguing that no federal question was raised on the face of the complaint, nor was ERISA preemption applicable, thus making removal improper.

---

1. For purposes of this motion, the Court accepts the facts found in section I to be true. They are taken from the Third Amended Complaint, Defendant's motion for summary judgment, and Plaintiffs' response to Defendant's motion for summary judgment.

2. The parties do not dispute that Defendant's LTD benefits plan is an ERISA plan.

This Court denied the motion to remand, holding that the essence of Plaintiff's claim was to recover disability benefits allegedly owed to her under Defendant's ERISA plan. ERISA therefore preempted her state law claims and provided the federal court with jurisdiction. The Court also found that Plaintiff qualified as a "participant" in an ERISA plan. On Plaintiff's motion to alter or amend that judgment, the Court again denied Plaintiff's motion to remand.

On August 6, 2003, the Court denied Defendant's motion to dismiss Plaintiff's first amended complaint and sua sponte granted Plaintiff leave to file a second amended complaint that recast her state law claims as ERISA claims. Plaintiff did so, adding a count for violation of ERISA and maintaining her negligent and intentional misrepresentation claims. On April 27, 2004, Plaintiff filed her third amended complaint. On September 23, 2004, Defendant filed this summary judgment motion. Plaintiff timely responded, and Defendant filed a reply.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2727, at 35 (2d ed.1998).

■ Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2721, at 40 (2d ed.1998). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir.1999).

■ In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir.2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River*, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the

mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

### III. *ANALYSIS*

#### A. *Negligent Misrepresentation*

■ Defendant asserts that Plaintiff has failed to establish a claim of negligent misrepresentation. Tennessee has adopted the definition of negligent misrepresentation found in the Restatement (Second) of Torts. *Echols, et al. v. A–USA Mortgage*, Case No. 01–2033 (W.D.Tenn. 2001), Order on Def. Mot. to Dismiss (DKT # 237) at 52 ("*Echols* order"). The elements necessary to establish a claim of negligent misrepresentation are:

(1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; and

(2) the defendant supplies faulty information meant to guide others in their business transactions; and

(3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and

(4) the plaintiff justifiably relies upon the information.

*Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn.1997) (emphasis omitted). Additionally, Plaintiff must show that she suffered a pecuniary loss as a result of relying on the misrepresentation. *See Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 130 (Tenn.1995).

■ Here, Yount, as agent for Defendant, was clearly acting in the course of business, profession, or employment. Thus, the first prong of the claim is met. As to the second prong, the Plaintiff has alleged that Ms. Yount told her that Plaintiff's benefits would begin immediately. As LTD insurance is one of the benefits provided by Defendant, it would have been reasonable for Plaintiff to expect that LTD benefits were included and would begin immediately, unless Defendant specifically stated that LTD benefits were excluded. Defendant claims that Ms. Yount expressly stated that long-term disability benefits would not begin until the first of the following month. However, Plaintiff maintains that Ms. Yount spoke in general terms, stating that benefits would begin immediately. Thus, allowing all reasonable inferences in favor of the non-moving party, the Court finds that Plaintiff has presented sufficient evidence from which a rational trier of fact could find that the second element of negligent misrepresentation has been satisfied.

■ In analyzing the third element, once again the crucial question is whether or not Ms. Yount specifically told Plaintiff that LTD benefits were excluded from the benefits package that was promised to go into effect immediately. If Ms. Yount did not expressly exclude long-term disability benefits, a rational finder of fact could find that Ms. Yount failed to use reasonable care in communicating the exclusionary period for LTD benefits in the benefits information, thus satisfying the third prong. Plaintiff asserts that Ms. Yount never specified LTD benefits, but, instead, spoke in general terms about Plaintiff's benefits beginning immediately. Thus, the Court finds that Plaintiff has met her bur-

den of presenting evidence to meet the third prong of the analysis.

The fourth prong is the determination as to whether or not Plaintiff relied on the misinformation. In her affidavit, Plaintiff states that she could have returned to her previous employment at PPP. Plaintiff asserts that, had she known that the LTD benefits would not begin immediately, she would have returned to PPP. Furthermore, Plaintiff maintains that she informed Ms. Yount of that fact prior to Ms. Yount agreeing to waive the exclusionary period on benefits. Assuming that Plaintiff's version of the facts is correct, a rational finder of fact could find that Plaintiff justifiably relied on the misinformation.

 Nonetheless, in order to succeed on a claim of negligent misrepresentation, the Plaintiff must have suffered a pecuniary loss. *See Ritter v. Custom Chemicides, Inc.,* 912 S.W.2d 128, 130 (Tenn. 1995); *see also,* Rest.2d Torts, § 522. The Court has previously ruled that Plaintiff must show damages that are unrelated to the denial of benefits because ERISA preempts state-law claims regarding the denial of LTD benefits to Plaintiff. Order Granting Pl. Mot. to Am. Compl. at 5. Plaintiff alleges that she "suffered emotional harm from the fact that she was lied to by Defendant in the apparent attempt to retain her services." Plaintiff's Resp. at 7–8. However, were it not for Plaintiff's need for LTD benefits and the denial of those benefits, there would have been no injury, and therefore, no damages. Accordingly, Defendant's motion for summary judgment as to Plaintiff's negligent misrepresentation claim is GRANTED, as no genuine issue of fact exists as to this claim.

### B. Intentional Misrepresentation

 Plaintiff asserts a claim for intentional misrepresentation. However, under Tennessee law, there is not a separate cause of action for intentional misrepresentation. "Tennessee courts ... have determined that intentional misrepresentation is an element of a cause of action for fraud rather than an independent cause of action." *Echols* order at 52.

 In her complaint, Plaintiff has presented facts in support of a claim for fraud. Under Tennessee law, the elements for fraud are:

1) an intentional misrepresentation of material fact;

2) knowledge of the representation's falsity;

3) an injury caused by reasonable reliance on the representation; and

4) the misrepresentation must involve a past or existing fact.

*Axline v. Kutner,* 863 S.W.2d 421, 423 (Tenn.Ct.App.1993). As in the analysis for negligent misrepresentation, Plaintiff has failed to present evidence as to an injury she suffered in reliance on the alleged misrepresentation, apart from the denial of LTD benefits. As previously discussed, state-law claims for the denial of LTD benefits are preempted by ERISA. Accordingly, no genuine issue exists as to any material fact and Defendant's motion for summary judgment as to Plaintiff's intentional misrepresentation claim is GRANTED.

### C. ERISA

 Plaintiff alleges that Defendant owed Plaintiff a fiduciary duty and breached that duty in violation of ERISA. An ERISA fiduciary is held to a high standard of care. In fact, "ERISA's duty of loyalty, is 'the highest known to the law.'" *Bussian v. RJR Nabisco, Inc.,* 223 F.3d 286, 294 (5th Cir.2000)(citing *Donovan v. Bierwirth,* 680 F.2d 263, 272 n. 8 (2d Cir.1982). A fiduciary has a responsibility to "discharge [its] interests with respect to a plan solely in the interest of

the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). *See* also, *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 122 (2d Cir.1997). "Fiduciaries breach this duty if they mislead plan participants or misrepresent the terms or administration of a plan." *Kamler*, 305 F.3d at 681 (citations omitted). In order to establish that Defendant breached its fiduciary duty, Plaintiff must demonstrate that Defendant acted as a fiduciary when it made the challenged representations, that the challenged representations constituted material misrepresentations, and that Plaintiff relied on those misrepresentations to her detriment. *James v. Pirelli Armstrong Corp.*, 305 F.3d. 439 (6th Cir.2002). Defendant contends that 1) it was not a fiduciary under ERISA so it had no fiduciary duty, 2) it made no misrepresentations to Plaintiff, 3) Plaintiff did not rely on the misrepresentations to her detriment, and 4) Plaintiff, as an individual, cannot recover under ERISA.

### 1. Fiduciary

■■■■■ Defendant first argues that it was not a fiduciary within the meaning of ERISA. To be a fiduciary under ERISA, "an individual must exercise a degree of discretion over the management of the plan or its assets, or over the administration of the plan itself." *Kamler v. H/N Telecommunication Services, Inc.*, 305 F.3d 672, 681 (7th Cir.2002). Defendant admitted that it serves as the plan administrator. As the plan administrator, the Defendant necessarily exercised a degree of discretion over the administration of the plan. For example, Defendant was able to change Plaintiff's start date in order to accelerate the process so that Plaintiff's benefits, other than LTD, would begin immediately. Defendant argues that it had no "authority whatsoever to decide claims, interpret provisions of the plan, or alter, delete or change the terms of the plan itself." Def. Mem. for Mot. for Summ. J. at

13. Although Defendant may not make decisions as to whether or not claims will be denied, it was clearly able to make decisions as to when a participant would become eligible under a plan. Therefore, the Court finds that Defendant was a fiduciary within the meaning of ERISA.

### 2. Misrepresentation

■■■■ Defendant argues that it did not make any material misrepresentations to Plaintiff because Ms. Yount never expressly told Plaintiff that her LTD benefits would begin immediately. Plaintiff alleges that Ms. Yount, acting on behalf of Defendant, breached her fiduciary duty by promising that benefits would commence immediately, knowing that LTD benefits would not begin until the first of the following month. Plaintiff maintains that Defendant did not expressly state that LTD benefits were not included. If this is true, the omission was a material misrepresentation, because it was the equivalent of telling Plaintiff that her LTD benefits would start immediately, knowing that they would not.

The Defendant further argues, however, that when Ms. Yount provided Plaintiff with a booklet explaining that LTD benefits begin the first of the month following the first full month of employment, Defendant informed Plaintiff that LTD benefits were excluded from the promise that benefits would begin immediately. However, because Plaintiff allegedly believed that Defendant was changing the rules for her, she would reasonably have believed that Ms. Yount's commitment overrode the language in the booklet.

### 3. Reliance

■■■ Defendant argues that Plaintiff has failed to demonstrate that she relied on those misrepresentations to her detriment. As noted earlier, Plaintiff, in her

affidavit, asserted that she could have returned to her previous employment, and that, had she known that the LTD benefits would not begin immediately, she would have returned to her previous employment. Assuming that Plaintiff's version of the facts is true, Plaintiff justifiably relied on the misinformation. Certainly, when Plaintiff was denied benefits following her accident, she suffered injury as a result of the misrepresentation. Therefore, the Court finds that Plaintiff has established that she relied on Defendant's misrepresentation to her detriment.

### 4. Liability

 Finally, Defendant argues that Plaintiff cannot recover under ERISA because when Defendant breached its fiduciary duty, it became liable to the plan, not to the individual beneficiary. Defendant relies on *Bryant v. Int'l Fruit Product, Co.*, 886 F.2d 132 (6th Cir.1989), which provides that recovery must go to the plan rather than to the individual because a fiduciary breach injures the plan, not the individual. However, *Bryant* concerned *plan* funds that were diverted. In the instant case, the injury was to the individual, not the plan. Therefore, Defendant would be liable to the Plaintiff, not to the plan.

The Court finds that a genuine issue of material fact remains as to whether or not Defendant made false representations/omissions to Plaintiff. Accordingly, Defendant's motion for summary judgment as to Plaintiffs' ERISA claim is DENIED.

### IV. *CONCLUSION*

For the reasons stated herein, the Court **GRANTS** Defendant's motion for summary judgment as to Plaintiff's negligent misrepresentation and intentional misrepresentation claims. The Court **DENIES** Defendant's motion for summary judgment as to Plaintiff's ERISA claim.